IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHANIE P. McCALLUM and )
McCALLUM TRUST, )
 )
              Plaintiffs, )
 )
v. ) No. 07 C 5575
 )
BANK ONE, )
 )
              Defendant. )

MEMORANDUM ORDER

Stephanie McCallum ("McCallum") and McCallum Trust ("Trust") have brought a pro se Complaint against Bank One, seeking to invoke federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte because the Complaint's allegations do not establish such diversity and because of another serious problem posed by the current filing.

In terms of jurisdiction, McCallum has listed a Glenview, Illinois residence address, which for purposes of 28 U.S.C. §1332[1] ordinarily carries with it citizenship in this state.[2] As for the Trust, the exhibits to the Complaint include a Deed in Trust that identifies McCallum herself as the Trustee under the Stephanie P. McCallum Revocable Trust, and Navarro Savs. Ass'n v.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] In this instance, though, it is unclear from the "Background" section that begins the Complaint whether McCallum's establishment of what she calls "permanent residency in Maryland" also carried with it Maryland citizenship that has not been superseded by her present Illinois residence.

Lee, 446 U.S. 458 (1980) teaches that the state of citizenship of a trust for diversity purposes is that of its trustee--here the citizenship of McCallum herself.

That being so, the problem is that Bank One's citizenship under Section 1332(c)(1) is the familiar dual citizenship involving both the corporation's place of incorporation and the location of its principal place of business. And as to the latter, Bank One's situs was in Chicago, so that its Illinois citizenship destroys diversity.

This Court's first obligation as to any lawsuit assigned to its calendar is to assure itself as to the existence of federal subject matter jurisdiction (see, e.g., Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998)), and that obligation mandates sua sponte policing on that subject (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). Accordingly this Court's obligation, subject to the possible question posed in n.2, would call for dismissal of the action at this time.

But this case is fatally flawed in more ways than one. As chance would have it, nearly five years ago this District Court's random assignment system delivered to this Court's calendar another lawsuit brought by McCallum against Bank One (02 C 9448, a case that she had filed in the Circuit Court of Cook County and that Bank One had then removed to this District Court because it fell within its federal question jurisdiction). That was just

one of a flock of lawsuits brought by McCallum in 2002 (see the attached photocopy of this Court's January 2, 2003 memorandum order). This Court then determined, based on McCallum's own admission in her response to that January 2 order, that she was attempting to plow the same field over again--that the 02 C 9448 action was barred on claim preclusion (also known as res judicata) principles--see this Court's attached January 13, 2003 memorandum order.

This Court has again reviewed McCallum's Complaint in that 2002 litigation. It is plain that the subject matter of her and the Trust's current litigation stems from the selfsame matters as her earlier lawsuits (its allegations cover the time frame between 1997 and May 2002, so that both the time frame and the events establish claim preclusion--based on McCallum's own earlier admission--that bars the current lawsuit).

There is no justification for McCallum's effort to resuscitate her earlier dismissed claims in this fashion. Hence both the Complaint and this action must be and are dismissed, irrespective of whether McCallum might be able to address the subject matter jurisdictional issue set out at the beginning of this memorandum order.

                                              Milton I. Shadur
                                              Senior United States District Judge

Date: October 4, 2007

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9448 | **DATE** | ½/2003 |
| **CASE TITLE** | Stephanie McCallum, et al vs. Bank One, NA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state bri of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ Local Rule 41.1　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry]　Plaintiffs are granted until January 23, 2003 to file in this Court's ‹ duplicate counterparts of a suitable explanation (accompanied by any relevant documents) of matters complained of here could not have been -- and were not -- capable of assertion in one o the listed earlier lawsuits. Absent an adequate explanation in that respect, this Court will simpl this action. In the meantime a copy of this memorandum is being transmitted to the Executive C for its consideration.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Doc Nu |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 03 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 03 JAN -3 PM 4:09 | date mailed notice | |
| | | Date/time received in | | |

# ORDER

Bank One, N.A. ("Bank One") has just removed to this District Court, from its place of origin in the Circuit Court of Cook County, this action brought by Stephanie McCallum ("McCallum") or the Estate of McCallum ("Estate") or both via a pro se Complaint against Bank One. Although this court always reads pleadings by nonlawyers through a generous lens and would therefore not view the new Complaint as problematic despite the lack of clarity as to just what its predicate really purports to be, in this instance the Clerk's Office search of the ICMS database has turned up a host of actions filed by the same plaintiff(s) against the same defendant during the last several months:

02 C 9447 McCallum and Estate v. Bank One
02 C 7877 McCallum         v. Bank One
02 C 7875 McCallum         v. Bank One
02 C 7013 McCallum         v. Banc One
02 C 6556 McCallum         v. Banc One
02 C 6551 McCallum         v. Banc One
02 C 6316 McCallum         v. Banc One

All of those cases except the contemporaneously filed 02 C 9447 are already closed.

Needless to say, this situation raises the obvious likelihood that the current action is barred by claim preclusion principles (as well as the possibility that plaintiffs are engaged in oppressive and perhaps frivolous litigation practices that should be brought to the attention of the Executive Committee of this District Court). Under the circumstances it would hardly be reasonable to thrust on this Court the burden of investigation and research, when McCallum and Estate are in a position to provide the necessary information and any required explanation so readily.

Accordingly McCallum and Estate are granted until January 23, 2003 to file in this Court's chambers duplicate counterparts of a suitable explanation (accompanied by any relevant documents) of how the matters complained of here could not have been - - and were not - - capable of assertion in one or more of the listed earlier lawsuits. Absent an adequate explanation in that respect, this Court will simply dismiss this action. In the meantime a copy of this memorandum is being transmitted to the Executive Committee for its consideration.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9448 | **DATE** | 1/13/2003 |
| **CASE TITLE** | Stephanie McCallum vs. Bank One | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due _____. Reply to answer brief due _____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Order. It is plain from McCallum's own assertions that this action does attempt to relitigate matters that were addressed or could have been addressed in one or more of her earlier lawsuits, so that a dismissal of this action on claim preclusion grounds is appropriate. This Court so orders. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 15 2003 | |
| | Notified counsel by telephone. | | date docketed | 3 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/14/2003 | |
| | | 03 JAN 14 PM 4:44 | date mailed notice | |
| SN | courtroom deputy's initials | Date/Time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHANIE P. McCALLUM, )
McCALLUM ESTATE, )
 )
          Plaintiff, )
 )
v. ) No. 02 C 9448
 )
BANK ONE, )
 )
          Defendant. )

DOCKETED
JAN 1 5 2003

## MEMORANDUM ORDER

Promptly after the assignment to this Court's calendar of this action, which had been removed by defendant Bank One, N.A. ("Bank One") from the Circuit Court of Cook County to this District Court, this Court issued a brief memorandum that (1) referred to numerous actions that had previously been filed by Stephanie McCallum or the McCallum Estate or both against Bank One and (2) raised the question whether one or more of those already-closed cases barred the current action under claim preclusion principles. McCallum and the Estate of McCallum were accordingly granted until January 23, 2003 to file a suitable explanation in that respect.

What McCallum has filed instead is a self-prepared Notice of Motion that asks this Court "to deny the request for removal" of this case as assertedly "not in accordance with the Federal Rules of Civil Proceedure [sic]." But that Notice goes on to say that various of the earlier cases that were referred to in this Court's earlier memorandum "were dismissed without a proper

chance to here [sic] the appeal of these cases" and, more significantly for present purposes, also goes on to state:

> Res judicata is obvious in these cases that have already been filed.

Despite McCallum's obvious lack of understanding of both procedure and substance (something that is not surprising on the part of a nonlawyer), her Notice has (perhaps inadvertently) confirmed the difficulty that this Court had anticipated in its earlier memorandum. It is plain from McCallum's own assertions that this action does attempt to relitigate matters that were addressed or could have been addressed in one or more of her earlier lawsuits, so that a dismissal of this action on claim preclusion grounds is appropriate. This Court so orders.

Milton I. Shadur
Senior United States District Judge

Date: January 13, 2003

2