```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

STEPHANIE P. McCALLUM and       )
McCALLUM TRUST,                 )
                                )
              Plaintiffs,       )
                                )
     v.                         )     No.  07 C 5575
                                )
BANK ONE,                       )
                                )
              Defendant.        )
```

## MEMORANDUM ORDER

This Court's attention has just been called to an inadvertent omission on its part: the absence of a ruling on the application for in forma pauperis status on appeal that was filed in this action brought by Stephanie McCallum, suing both individually and as Trustee under the Stephanie P. McCallum Revocable Trust. This Court has accordingly ordered a printout of the affidavit filed by Ms. McCallum in that respect, as well as reviewing its own brief memorandum orders dated October 4 and November 6, 2007 (copies of which are attached).

Based on its review of the relevant documents, this Court finds that the motion for in forma pauperis treatment should be denied for more than one reason:

> 1. As the attached memorandum orders reflect, the current appeal must be viewed as legally frivolous. That being so, a grant of in forma pauperis status to proceed with the appeal would be inappropriate even if McCallum were to have qualified in financial terms (see, e.g., Lee v.

Clinton, 209 F.3d 1026-27 (7th Cir. 2000)).

2. McCallum's Aff. ¶3 lists a $2,000 savings certificate (perhaps a CD) with Charter One Bank.  That being so, McCallum has the funds with which to pay the $455 in appellate filing fees.

3. As indicated earlier, McCallum instituted this litigation not only in her personal capacity but also as trustee of a trust.  In that respect she has provided no information as to the trust's financial condition (moreover, there appears to be a serious doubt as to her ability to act pro se in her trustee capacity, rather than the trust's having to be represented through counsel).

This Court therefore denies McCallum's motion, but she is advised that she may tender the issue to the Court of Appeals for its consideration.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 10, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHANIE P. McCALLUM and )
McCALLUM TRUST, )
 )
            Plaintiffs, )
 )
  v. ) No. 07 C 5575
 )
BANK ONE, )
 )
            Defendant. )

MEMORANDUM ORDER

Stephanie McCallum ("McCallum") and McCallum Trust ("Trust") have brought a pro se Complaint against Bank One, seeking to invoke federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte because the Complaint's allegations do not establish such diversity and because of another serious problem posed by the current filing.

In terms of jurisdiction, McCallum has listed a Glenview, Illinois residence address, which for purposes of 28 U.S.C. §1332[1] ordinarily carries with it citizenship in this state.[2] As for the Trust, the exhibits to the Complaint include a Deed in Trust that identifies McCallum herself as the Trustee under the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] In this instance, though, it is unclear from the "Background" section that begins the Complaint whether McCallum's establishment of what she calls "permanent residency in Maryland" also carried with it Maryland citizenship that has not been superseded by her present Illinois residence.

3

Stephanie P. McCallum Revocable Trust, and <u>Navarro Savs. Ass'n v. Lee</u>, 446 U.S. 458 (1980) teaches that the state of citizenship of a trust for diversity purposes is that of its trustee--here the citizenship of McCallum herself.

That being so, the problem is that Bank One's citizenship under Section 1332(c)(1) is the familiar dual citizenship involving both the corporation's place of incorporation and the location of its principal place of business.  And as to the latter, Bank One's situs was in Chicago, so that its Illinois citizenship destroys diversity.

This Court's first obligation as to any lawsuit assigned to its calendar is to assure itself as to the existence of federal subject matter jurisdiction (see, e.g., <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998)), and that obligation mandates sua sponte policing on that subject (<u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)).  Accordingly this Court's obligation, subject to the possible question posed in n.2, would call for dismissal of the action at this time.

But this case is fatally flawed in more ways than one.  As chance would have it, nearly five years ago this District Court's random assignment system delivered to this Court's calendar another lawsuit brought by McCallum against Bank One (02 C 9448, a case that she had filed in the Circuit Court of Cook County and that Bank One had then removed to this District Court because it

4

fell within its federal question jurisdiction). That was just one of a flock of lawsuits brought by McCallum in 2002 (see the attached photocopy of this Court's January 2, 2003 memorandum order). This Court then determined, based on McCallum's own admission in her response to that January 2 order, that she was attempting to plow the same field over again--that the 02 C 9448 action was barred on claim preclusion (also known as res judicata) principles--see this Court's attached January 13, 2003 memorandum order.

This Court has again reviewed McCallum's Complaint in that 2002 litigation. It is plain that the subject matter of her and the Trust's current litigation stems from the selfsame matters as her earlier lawsuits (its allegations cover the time frame between 1997 and May 2002, so that both the time frame and the events establish claim preclusion--based on McCallum's own earlier admission--that bars the current lawsuit).

There is no justification for McCallum's effort to resuscitate her earlier dismissed claims in this fashion. Hence both the Complaint and this action must be and are dismissed, irrespective of whether McCallum might be able to address the subject matter jurisdictional issue set out at the beginning of this memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 4, 2007

```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

STEPHANIE P. McCALLUM and      )
McCALLUM TRUST,                )
                               )
            Plaintiffs,        )
                               )
     v.                        )    No.  07 C 5575
                               )
BANK ONE,                      )
                               )
            Defendant.         )

## MEMORANDUM ORDER

Nearly a month after the issuance of this Court's October 4, 2007 memorandum order dismissing this action on both subject matter jurisdictional and claim preclusion principles, Stephanie McCallum ("McCallum") has filed a document that she captions both "Notice of Motion" and "Answer to Memorandum Order."  But that filing is devoted primarily to airing McCallum's grievances against Bank One and does not at all address the underpinnings of the order of dismissal.  Indeed, McCallum reflects a total misunderstanding of the jurisdictional defects in her action when she states mistakenly (copied verbatim):

> Honorable Shadur noted that the case has merits on diversity of the Plaintiff, Dr. McCallum.  Judge Shadur argues however that the situs for the Bank One Defendant is not in Chicago thereby baring McCallum from any further litigation.

McCallum's lack of attention to, and her lack of understanding of, the limitations on federal jurisdiction are doubly puzzling in light of her later statement that she

"returned to attend Law School in Illinois in 2006." It would seem that one of the earliest focuses of any law school curriculum would most likely be the addressing of such jurisdictional issues.

Although as noted earlier McCallum has labeled her filing in part as "Notice of Motion," she has not complied with this District Court's local rules as to the presentment of motions. This Court will nonetheless take McCallum at her word but, having done so, it is compelled to deny whatever motion she is seeking to assert.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 6, 2007